# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
SARAH ADELSON,

                Plaintiff,

      -against-

FEDERAL RESERVE BANK OF NEW YORK,

                Defendant.
---------------------------------------------------------------X

Index No:

**SUMMONS**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint

Dated:    May 27, 2016
             Fairview, New Jersey

To:    Federal Reserve Bank of New York

                                       _/s/ Jeffrey A. Bronster_
                                       JEFFREY A. BRONSTER, ESQ.
                                       Counsel for the Plaintiff
                                       17 Wendell Place
                                       Fairview, New Jersey 07022
                                       (201) 945-2566
                                       jbronster@bronsterlaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JEFFREY A. BRONSTER, ESQ.
Counsel for the Plaintiff
17 Wendell Place
Fairview, New Jersey 07022
(201) 945-2566
jbronster@bronsterlaw.com
-------------------------------------------------------------------X
SARAH ADELSON,

                          Plaintiff,

      -against-

FEDERAL RESERVE BANK OF NEW YORK,

                        Defendant.
-------------------------------------------------------------------X

Index No:

**COMPLAINT**

The Plaintiff, complaining of the Defendants, sets forth and alleges as follows:

### **GENERAL ALLEGATIONS**

1. Plaintiff Sarah Adelson is an individual residing in New York City, county and state of New York.

2. Defendant Federal Reserve Bank of New York is a private corporation having its principal place of business at 33 Liberty Street, New York, NY 10045.

3. Plaintiff was an employee of Defendant for over a quarter of a century.

4. At times relevant to this Complaint, plaintiff developed bronchitis and other pulmonary illnesses, which at times were life-threatening.

5. Plaintiff was aware that Defendant was allowing other employees to telecommute, and she approached her supervisor, James Hodgetts, to request that she be permitted to telecommute on an occasional basis as an accommodation to her illness.

6. Hodgetts consented to the accommodation, and Plaintiff began telecommuting once a week, working in the office on the remaining work days.

7. In or about late 2012, Jeffrey Ingber became Plaintiff's new supervisor.

8. In Ingber's first private meeting with Plaintiff, he gratuitously shared with her a story of a bridal shower he had recently intended, describing to her in vivid detail the carving of a cake shaped like a penis.

9. Thereafter, Ingber often made inappropriate and unwelcome remarks of a sexual nature, both privately to Plaintiff and publically in the presence of other employees.

10. Although Plaintiff did not file a sexual harassment complaint for fear of retaliation, her attitude of disgust at Ingber's sexual comments, and her general discomfort with Ingber as a result were well known within her department, and were undoubtedly known to Ingber himself.

11. As a result of the foregoing, Ingber adopted an attitude of chronic criticism of Plaintiff, and attempted to isolate and ostracize her from her department, including excluding her from departmental meetings, making it increasingly difficult for her to fulfill her job responsibilities.

12. Ingber also created a physical hardship for Plaintiff by cutting her telecommuting from once a week to once every two weeks, notwithstanding the fact that he was aware of her chronic pulmonary condition, and of the fact that the telecommuting had been put into place on a weekly basis as an accommodation thereof.

13. In mid-2013, Plaintiff experienced a worsening of her pulmonary symptoms, as a result of which issued a form under the Family Medical Leave Act stating that Plaintiff would be able to work from home, an accommodation that had been offered to other employees.

14. Nevertheless, Ingber refused to grant this accommodation, without consultation or discussion with Plaintiff, he placed plaintiff on sick leave.

15. In or about August 2013, Plaintiff developed pneumonia and pleurisy.

16. Consequently, Plaintiff went on leave pursuant to the Family Medical Leave Act.

17. During her period of leave, Plaintiff attempted to remain involved with the affairs of her department by participating in meetings telephonically, a standard practice in her department.

18. Plaintiff was prevented from participating telephonically by Ingber, who instituted a new "policy" the telephonic participation in meeting created a security risk, a policy that was never applied to any employee except Plaintiff.

19. As a result of her illness, and in full compliance with the applicable rules and regulations, Plaintiff used up her FMLA leave time and a substantial part of her accumulated sick leave.

20. In February 2014, Plaintiff was cleared to return to work, with certain restrictions.

21. Based on Plaintiff's condition, and given that she would be returning to work in the worst months of winter, Dr. Gerald L. Stagg, at that time the Medical Director of the Federal Reserve Bank of New York, personally requested that Plaintiff return to work with the accommodation that she be permitted to telecommute several days a week.

22. However, when Plaintiff reported for her first day back to work, she was informed her that she was under investigation by Defendant's Legal Department for alleged abuses of her employment, consisting of "irregularities" in her time and attendance records.

23. Plaintiff presented substantiation to those conducting the investigation showing that many of the allegations were baseless, but such evidence was either rejected or ignored, and Defendant refused to grant her access to certain documents that would assist in refuting the allegations.

24. On March 5, 2014, on the basis of a pretextual argument that Plaintiff had committed abuses of her position as to time and attendance, Defendant terminated Plaintiff's employment.

25. Thereafter, Plaintiff filed a complaint against Defendant with the United Stated Equal Employment Opportunity Commission.

26. On February 29, 2016, the EEOC declined to file charges against Defendant, and issued a Right to Sue letter to Plaintiff.

27. Plaintiff has filed this action within 90 days of the issuance of the Right to Sue letter by the EEOC.

## COUNT ONE

### NY State Human Rights Law - Disability

28. The allegations of all preceding paragraphs of this Complaint are hereby realleged and incorporated as though fully set forth herein.

29. Pursuant to the New York State Human Rights Law, New York Executive Law § 290, *et seq.*, it constitutes an unlawful discriminatory practice for an employer to discharge an employee from employment or to otherwise discriminate against an employee in the conditions or privileges of employment, on the basis of a disability.

30. Pursuant to the Human Rights Law, it also constitutes an unlawful discriminatory practice for an employer to refuse to provide reasonable accommodation for a known disability.

31. Defendant's pretextual termination of Plaintiff's employment was in fact because of her known disability, and Defendant's unwillingness to grant a reasonable accommodation thereof, all in violation of the Human Rights Law, whereby Plaintiff has been damaged.

WHEREFORE, Plaintiff demands damages consisting of such compensatory, consequential, punitive, and such other damages as may be permitted by law, together with back pay, forward pay, attorney's fees, costs of suit, appropriate injunctive and declaratory relief, and such further relief as the Court deems just and proper.

## COUNT TWO

### NY State Human Rights Law - Age

32. The allegations of all preceding paragraphs of this Complaint are hereby realleged and incorporated as though fully set forth herein.

33. The allegations of this count of the Complaint are asserted both in addition to and alternatively to the allegations of all other counts of this Complaint.

34. Pursuant to the New York State Human Rights Law, New York Executive Law § 290, *et seq.*, it constitutes an unlawful discriminatory practice for an employer to discharge an employee from employment or to otherwise discriminate against an employee in the conditions or privileges of employment, on the basis of age.

35. As a consequence of Plaintiff's age, her employment by Plaintiff had been of such duration at to put her in a position to vest in certain health and other retirement benefits offered by Defendant, in which Plaintiff would have vested within a matter of months but for her pretextual termination by Defendant.

36. Defendant's pretextual termination of Plaintiff's employment was, in whole or in part, based on Defendant's desire to end Plaintiff's employment prior to her vesting in the aforesaid retirement benefits, whereby Plaintiff has been damaged.

WHEREFORE, Plaintiff demands damages consisting of such compensatory, consequential, punitive, and such other damages as may be permitted by law, together with back pay, forward pay, attorney's fees, costs of suit, appropriate injunctive and declaratory relief, and such further relief as the Court deems just and proper.

## COUNT THREE

### Americans With Disabilities Act

37. The allegations of all preceding paragraphs of this Complaint are hereby realleged and incorporated as though fully set forth herein.

38. The allegations of this count of the Complaint are asserted both in addition to and alternatively to the allegations of all other counts of this Complaint.

39. At all times relevant to this Complaint, Plaintiff was an "employee", and Defendant was an "employer", as those term are defined in the Americans With Disabilities Act ("the ADA"), 42 U.S.C. § 12101, *et seq.*

40. At all times relevant to this Complaint, Plaintiff suffered a "disability", as that term is defined in the ADA, suffering a physical impairment that substantially limited one or more of her major life activities.

41. In addition to the foregoing, at all times relevant to this Complaint, Plaintiff suffered a "disability", as that term is defined in the ADA, in that she was regarded by her employer as suffering from a disability.

42. Defendant's pretextual termination of Plaintiff's employment because of her known disability, as set forth heretofore, was in violation of the Americans With Disabilities Act, whereby Plaintiff has been damaged.

-6-

WHEREFORE, Plaintiff demands damages consisting of such compensatory, consequential, punitive, and such other damages as may be permitted by law, together with back pay, forward pay, attorney's fees, costs of suit, appropriate injunctive and declaratory relief, and such further relief as the Court deems just and proper.

## COUNT FOUR

### Family Medical Leave Act

43. The allegations of all preceding paragraphs of this Complaint are hereby realleged and incorporated as though fully set forth herein.

44. The allegations of this count of the Complaint are asserted both in addition to and alternatively to the allegations of all other counts of this Complaint.

45. Due to her illness, Plaintiff had taken an extensive leave from employment as permitted by the terms of the Family Medical Leave Act ("the FMLA"), 29 U.S.C. § 2601, *et seq.*, all as set forth heretofore.

46. Defendant's pretextual termination of Plaintiff's employment was, either in whole or in part, an act of retaliation against her because of her exercise of the aforesaid rights, such retaliation being in itself a violation of the FMLA, known disability, as set forth heretofore, was in violation of the Americans With Disabilities Act, whereby Plaintiff has been damaged.

WHEREFORE, Plaintiff demands damages consisting of such compensatory, consequential, punitive, and such other damages as may be permitted by law, together with back pay, forward pay, attorney's fees, costs of suit, appropriate injunctive and declaratory relief, and such further relief as the Court deems just and proper.

## COUNT FIVE

### Age Discrimination in Employment Act

47. The allegations of all preceding paragraphs of this Complaint are hereby realleged and incorporated as though fully set forth herein.

48. The allegations of this count of the Complaint are asserted both in addition to and alternatively to the allegations of all other counts of this Complaint.

49. Pursuant to the provisions of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., it is unlawful for an employer to discharge or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

50. As a consequence of Plaintiff's age, her employment by Plaintiff had been of such duration at to put her in a position to vest in certain health and other retirement benefits offered by Defendant, in which Plaintiff would have vested within a matter of months but for her pretextual termination by Defendant.

51. Defendant's pretextual termination of Plaintiff's employment was, in whole or in part, based on Defendant's desire to end Plaintiff's employment prior to her vesting in the aforesaid retirement benefits, whereby Plaintiff has been damaged.

WHEREFORE, Plaintiff demands damages consisting of such compensatory, consequential, punitive, and such other damages as may be permitted by law, together with back pay, forward pay, attorney's fees, costs of suit, appropriate injunctive and declaratory relief, and such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues asserted in the pleading so triable as of right.

                                                 /s/ Jeffrey A. Bronster
                                                 JEFFREY A. BRONSTER, ESQ.
                                                 Counsel for the Plaintiff
                                                 17 Wendell Place
                                                 Fairview, New Jersey 07022
                                                 (201) 945-2566
                                                 jbronster@bronsterlaw.com

DATED: May 27, 2016